UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

DAVID FRANCIS,

                    Plaintiff,

        -against-

CITY OF NEW YORK, ALLISON KLIEN, Individually
and JOHN and JANE DOE 1 through 10, Individually (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                    Defendants.

**COMPLAINT**

Docket No.

Jury Trial Demanded

------------------------------------------------------------------X

      Plaintiff DAVID FRANCIS, by his attorneys, Leventhal & KLEIN, LLP, complaining of

the defendants, respectfully alleges as follows:

### **Preliminary Statement**

      1.    Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also

asserts supplemental state law claims.

### **JURISDICTION**

      2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.   Plaintiff asserts

supplemental state law claims pursuant to common law and the New York State Constitution.

      3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### **VENUE**

      4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff DAVID FRANCIS is a thirty-two year old African American man presently residing in Brooklyn, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, ALLISON KLIEN and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12.     On October 23, 2011, beginning at approximately 1:30 a.m., plaintiff was a pedestrian on Marcy Avenue near the corner of Greene Avenue, Brooklyn, New York.

13.     As plaintiff was walking on the sidewalk, he was approached by two female police officers, one of whom was, upon information and belief, defendant KLIEN.

14.     While plaintiff was speaking with the female officers, an NYPD van arrived at the location and five to eight male officers exited.

15.     The male officers aggressively approached plaintiff, causing plaintiff concern, and prompting him to state in sum and substance: I'm injured.  I had surgery for bilateral tendon tears in both knees.  I have no record.  Don't grab me.

16.     In response, one of the male officers grabbed plaintiff's right arm.

17.     Plaintiff responded by stating in sum and substance: you can't manhandle me because I'm injured.  I'm not causing a problem.  I'm not resisting.

18.     Thereafter, a defendant officer repeatedly punched plaintiff in his face, and defendant officers grabbed plaintiff, slammed him to the ground, and handcuffed him.

19.     While plaintiff was on the ground, the defendant officers repeatedly kicked him in his ribs.

20.     A defendant officer also slammed plaintiff's face into the ground and an officer sprayed plaintiff with pepper spray.

21.     The defendant officers then picked plaintiff up, forcefully threw him into a police vehicle, and transported him to the PSA3 police precinct.

22.     Once at the precinct, an officer pulled plaintiff out of the vehicle and slammed

3

plaintiff back first to the ground.

23.     The officer thereafter pulled plaintiff to his feet and brought him into the precinct.

24.     Once in the precinct, plaintiff stated in sum and substance: you shouldn't treat people like that.

25.     In response, the defendant officer, threw plaintiff to the ground again and dragged him by his handcuffs into a cell.

26.     The officer then left plaintiff handcuffed in the cell, in pain, for approximately three hours.

27.     After three hours, the defendant officers removed plaintiff's handcuffs, but continued to ignore plaintiff's repeated requests for medical treatment. The defendant officers also intentionally withheld food from plaintiff.

28.     Upon information and belief, all of the above acts of brutality were in retaliation for plaintiff's exercise of his right to free speech.

29.     At approximately 6:00 a.m., on October 23, 2011, the defendants finally summoned an ambulance which transported plaintiff to Woodhull Medical Center.

30.     Plaintiff was diagnosed with contusions to his ribs, abrasions and numbness to his left hand, and left shoulder pain, and was treated and released.

31.     Plaintiff sought additional treatment at SUNY Downstate Medical Center at LICH, on October 25, 2011 and on October 31, 2011, on which dates he was diagnosed with a separated shoulder, superficial nerve injury to his hand, a subconjunctival hemorrhage to his left eye, and a head injury.

32.     The NYPD officers ALLISON KLIEN and JOHN and JANE DOE 1 through 10 either participated in the above acts of brutality or were present, or otherwise aware of the

4

incident, and failed to intervene in the illegal conduct described herein.

33.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to discrimination against plaintiff based on his race.

34.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, disproportionally use force against African American individuals, and that many NYPD officer improperly use force against individuals in retaliation for their lawful exercise of their right to free speech. They also engage in falsification.

35.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

36.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

37.     As a result of the foregoing, plaintiff DAVID FRANCIS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his

liberty and his constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

38.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "37" with the same force and effect as if fully set forth herein.

39.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

40.     All of the aforementioned acts deprived plaintiff DAVID FRANCIS, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

41.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

42.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

43.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

44.     As a result of the foregoing, plaintiff DAVID FRANCIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

45.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff DAVID FRANCIS' constitutional rights.

47.     As a result of the aforementioned conduct of defendants, plaintiff DAVID FRANCIS was subjected to excessive force and sustained physical injuries.

48.     As a result of the foregoing, plaintiff DAVID FRANCIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983)

49.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" with the same force and effect as if fully set forth herein.

50.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that was deliberately indifferent to plaintiff's serious medical needs by disregarding an excessive risk to the plaintiff's health or safety, which is forbidden by the Constitution of the United States.

51.     As a result of the foregoing, plaintiff DAVID FRANCIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     The defendants assaulted and battered plaintiff DAVID FRANCIS, because of his national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

54.     As a result of the foregoing, plaintiff DAVID FRANCIS was deprived of his rights under the Equal Protection Clause of the United States Constitution.

55.     As a result of the foregoing, plaintiff DAVID FRANCIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (First Amendment Claim under 42 U.S.C. § 1983)

56.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     The acts of the defendants were in retaliation for plaintiff's exercise of his First Amendment freedom of speech and expression, and not in response to any unlawful acts of the plaintiff.

58.     As a result of the aforementioned conduct of defendants, plaintiff was subjected to retaliation for the exercise of their First Amendment rights.

59.     As a result of the foregoing, plaintiff DAVID FRANCIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     Defendants had an affirmative duty to intervene on behalf of plaintiff DAVID FRANCIS, whose constitutional rights were being violated in their presence by other officers.

62.     The defendants failed to intervene to prevent the unlawful conduct described herein.

63.     As a result of the foregoing, plaintiff DAVID FRANCIS was subjected to excessive force, and he was put in fear of his safety.

64.     As a result of the foregoing, plaintiff DAVID FRANCIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

65.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     The supervisory defendants personally caused plaintiff DAVID FRANCIS' constitutional injury by being deliberately or consciously indifferent to the rights of others in

9

failing to properly supervise and train their subordinate employees.

67.    As a result of the foregoing, plaintiff DAVID FRANCIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

68.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

70.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, engaging in falsification, using excessive force against individuals in retaliation for their lawful exercise of free speech, and due to discrimination against individuals based on their race and/or nationality.

71.    In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff DAVID FRANCIS' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

10

72.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DAVID FRANCIS.

73.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DAVID FRANCIS as alleged herein.

74.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff DAVID FRANCIS as alleged herein.

75.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff DAVID FRANCIS was subjected to excessive force.

76.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DAVID FRANCIS' constitutional rights.

77.     All of the foregoing acts by defendants deprived plaintiff DAVID FRANCIS of federally protected rights, including, but not limited to, the right:

      A.     To be free from the use of excessive force and/or the failure to intervene;

      B.     To be free from deliberate indifference to serious medical need;

      C.     To receive equal protection under law; and

      D.     To be free from retaliation for exercise of their First Amendment rights.

78.     As a result of the foregoing, plaintiff DAVID FRANCIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### Supplemental State Law Claims

79.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.  Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

81.  The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

82.  This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

83.  This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

84.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.  As a result of the foregoing, plaintiff DAVID FRANCIS was placed in apprehension of imminent harmful and offensive bodily contact.

86.  As a result of defendants' conduct, plaintiff DAVID FRANCIS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and

humiliation.

87.     As a result of the foregoing, plaintiff DAVID FRANCIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

88.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.     Defendants made offensive contact with plaintiff without privilege or consent.

90.     As a result of defendants' conduct, plaintiff has suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

91.     As a result of the foregoing, plaintiff DAVID FRANCIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

92.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

94.     The aforementioned conduct was committed by defendants while acting within

the scope of their employment by defendant CITY OF NEW YORK.

95.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

96.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

97.    As a result of the aforementioned conduct, plaintiff suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

98.    As a result of the foregoing, plaintiff DAVID FRANCIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

99.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff.

101.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

102.    As a result of the foregoing, plaintiff DAVID FRANCIS is entitled to

14

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

103.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of and excessive use of force against plaintiff.

105.    As a result of the foregoing, plaintiff DAVID FRANCIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

106.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

108.   As a result of the foregoing, plaintiff DAVID FRANCIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

109.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

111.   As a result of the foregoing, plaintiff DAVID FRANCIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

112.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.   As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

114.   As a result of the foregoing, plaintiff is entitled to compensatory damages in

16

amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff DAVID FRANCIS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorney's fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: Brooklyn, New York
January 17, 2013

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff DAVID FRANCIS
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

DAVID FRANCIS,

                              Plaintiff,                                    Docket No.

     -against-

CITY OF NEW YORK, ALLISON KLIEN, Individually,
and JOHN and JANE DOE 1 through 10, Individually (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                              Defendants.

-------------------------------------------------------------------------------X

## COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100